THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JACQUES JASON MIRANDA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [38] MOTION FOR COMPASSIONATE RELEASE** <br><br> Case No. 2:17-cr-00159-DBB <br><br> District Judge David Barlow |

Petitioner Jacques Jason Miranda brings a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Because Petitioner has not established "extraordinary and compelling reasons" that warrant sentence reduction, Petitioner's motion is DENIED.

## BACKGROUND

In 2005, Petitioner was sentenced to an 84-month sentence for possession of methamphetamine with intent to distribute.[2] He now brings an action for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[3]

## STANDARD

The district court may only grant a motion under 18 U.S.C. § 3582(c)(1)(A) if three requirements are met. First, the district court must find that extraordinary and compelling reasons

---

[1] Motion For Compassionate Release, ECF. No. 38.
[2] Judgment as to Jacques Jason Miranda, ECF No. 22 at 1.
[3] ECF No. 38 at 1.

warrant the sentence reduction.[4] Second, the district court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[5] And finally, the district court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[6] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others."[7]

## DISCUSSION

### I. Petitioner has not shown that there are "extraordinary and compelling reasons" that warrant release.

To obtain a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a petitioner must show that there are "extraordinary and compelling reasons that warrant such a reduction."[8] "[D]istrict courts, in applying [this test], have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons.'"[9] That authority is circumscribed by the second part of the test for sentence reduction—that the reduction is consistent with applicable policy statements issued by the sentencing commission.

The statute does not define the phrase "extraordinary and compelling reasons." The Tenth Circuit has held that the United States Sentencing Commission ("USSC") definition of the phrase is not binding in cases in which a prisoner initiates a motion for compassionate release.[10] Still, the court considers that the USSC definition provides helpful guidance in determining

---

[4] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).
[5] *Id.*
[6] *Id.*
[7] *Id.* at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).
[8] 18 U.S.C. § 3582(c)(1)(A)(i).
[9] *McGee*, 992 F.3d at 1045.
[10] *United States v. Maumau*, 993 F.3d 821, 836 (10th Cir. 2021).

whether Petitioner's circumstances warrant relief.[11] The USSC policy statement provides that "extraordinary and compelling reasons" exist for a medical condition when the defendant is either "suffering from a terminal illness" or the defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[12]

Petitioner argues that his circumstances constitute extraordinary and compelling reasons to justify a sentence reduction because he is severely susceptible to contracting and dying from COVID-19.[13] Petitioner outlines his medical problems, including chronic obstructive pulmonary disease, bronchitis, asthma, epilepsy, and depression.[14] While serious, none of these conditions rise to the level of a "terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care."[15] And although pulmonary diseases increase the risk of death from COVID-19, this risk is not unique to Petitioner and is shared among many inmates with such chronic health conditions. Furthermore, Petitioner ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[16] and has been vaccinated against COVID-19.[17]

---

[11] *See United States v. Deucher*, No. 2:16-cr-00189-DN, 2021 WL 1264566, at *2 (D. Utah 2021); *United States v. Carr*, 851 F. App'x 848, 854 (10th Cir. 2021) (unpublished) ("it was within the district court's discretion to conclude the application notes to USSG § 1B1.13 still provided the best definition and description of "extraordinary and compelling reasons" under the circumstances of Ms. Carr's case. . . .").
[12] U.S.S.G. § 1B1.13 cmt. n. 1(A)(i)–(ii).
[13] ECF No. 38 at 4–5.
[14] *Id.* at 4; Miranda Affidavit, ECF No. 37 at 1.
[15] U.S.S.G. § 1B1.13 cmt. n. 1(A)(i)–(ii).
[16] ▮▮▮▮▮▮▮▮
[17] ECF No. 37 at 2. Petitioner also submits an affidavit that characterizes the conditions at the prison and presents a form that BOP sent to Petitioner stating that because of his medical history he was eligible for counseling about the COVID-19 vaccine. ECF No. 42 at 1–2; ECF No. 42-1. This affidavit does not present evidence of any "extraordinary or compelling" reasons to justify a sentence reduction.

Therefore, even without considering the USSC policy statement, Petitioner's medical circumstances do not constitute "extraordinary and compelling reasons" for a sentence reduction under the USSC policy statement and, independent of that statement, are not otherwise unique circumstances that would justify a sentence reduction.

## ORDER

Petitioner understandably wishes to be released early. But because Petitioner has not established "extraordinary and compelling reasons" that warrant sentence reduction, Petitioner's motion to for compassionate release must be DENIED.

Signed October 20, 2021.

BY THE COURT

David Barlow
United States District Judge