THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JACQUES JASON MIRANDA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [67] MOTION FOR SENTENCE REDUCTION**<br><br>Case No. 2:17-cr-00159-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Jacques Jason Miranda's ("Mr. Miranda") Motion for Sentence Reduction.[1] He seeks compassionate release under 18 U.S.C. § 3582(c). Having considered the briefing and relevant law, the court decides the motion based on the written memoranda.[2] As explained below, Mr. Miranda has not established extraordinary and compelling reasons to warrant a sentence reduction. The court therefore denies his motion.

## BACKGROUND

On May 8, 2017, the court sentenced Mr. Miranda to eighty-four months for possession of methamphetamine with intent to distribute.[3] He was remanded to the Bureau of Prisons ("BOP"). On October 7, 2021, Mr. Miranda filed a motion for compassionate release.[4] The court denied the motion.[5] Mr. Miranda was later transferred to the Federal Residential Re-Entry

---

[1] Mot. for Sentence Reduction ("Compassionate Release Mot."), ECF No. 67, filed May 9, 2023.
[2] *See* DUCrimR 7-1(i).
[3] ECF No. 22.
[4] ECF No. 38.
[5] ECF No. 44.

1

Center, Port of Hope Centers, Inc. (the "Facility") on December 22, 2022.[6] After requesting relief from the Facility's director on April 4, 2023,[7] Mr. Miranda moved for a sentence reduction on May 9, 2023.[8] Neither defense counsel nor the government filed a brief.[9]

## STANDARD

Under 18 U.S.C. § 3582(c), "a sentencing court [can] reduce a federal prisoner's sentence for 'extraordinary and compelling reasons.'"[10] The three-step test is as follows: (1) the court asks whether "extraordinary and compelling reasons warrant such a reduction;" (2) the court determines if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) under the factors set forth in § 3553(a), the court "determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[11]

The statute does not define "extraordinary and compelling reasons." Courts have "the authority to determine for themselves what constitutes 'extraordinary and compelling reasons[.]'"[12] The statute directs the court to also consider Sentencing Commission (the "Commission") policy statements.[13] But the Commission has not issued a statement on sentencing reductions since enactment of the First Step Act.[14] Accordingly, if a petitioner files for a sentence reduction, the existing policy statement under § 1B1.13 does not constrain the

---

[6] Compassionate Release Mot. 1.
[7] *Id.* at 2.
[8] *Id.* at 1.
[9] *See* Docket.
[10] *United States v. Wesley*, 60 F.4th 1277, 1279 (10th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).
[11] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020)).
[12] *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021).
[13] § 3582(c)(1)(A)(ii).
[14] *See Maumau*, 993 F.3d at 834–36.

court.[15] As such, the court need only consider the first and third requirements.[16] The court "may deny compassionate-release motions when any of the . . . prerequisites listed in [the statute] is lacking and do[es] not need to address the others."[17]

## DISCUSSION

Mr. Miranda offers four justifications for a sentence reduction: a risk of getting sick, an inability to obtain desired employment, obstacles to attending family gatherings, and barriers to volunteer service. None present extraordinary and compelling reasons for early release.

First, Mr. Miranda asserts he has "continually been sick with little to no reprieve" since transferring to the Facility.[18] He asserts a history of various ailments to include chronic obstructive pulmonary disease, chronic bronchitis, asthma, epilepsy, depression, and hidradenitis suppurativa.[19] He states that he has been hospitalized twice.[20] Mr. Miranda expresses concern over the Facility's living conditions. Because the men's dorm is reportedly at or over capacity,[21] he fears getting sick if another inmate falls ill.[22] Next, Mr. Miranda seeks early release because the Facility restricts him from working in his desired job. He reports that a company offered him a position that requires nationwide travel. But the Facility requires Mr. Miranda to maintain

---

[15] *Id.* at 836–37 ("[W]e reject the government's position that § 1B1.13 remains binding on the district court when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court."); *see Dorsey v. United States*, 567 U.S. 260, 266 (2012) (holding that federal sentencing statutes "trump[] the Guidelines").
[16] *United States v. Ford*, No. 23-3038, 2023 WL 3829725, at *1 (10th Cir. June 6, 2023) (unpublished); *see Maumau*, 993 F.3d at 831; *McGee*, 992 F.3d at 1042–43.
[17] *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *cf. Maumau*, 993 F.3d at 831 n.4 ("But when a 'district court grants a motion for compassionate release, it must of course address all three steps.'" (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021))).
[18] Compassionate Release Mot. 3.
[19] A skin condition. *See Hidradenitis Suppurativa*, Mayo Clinic (June 6, 2023), https://www.mayoclinic.org/diseases-conditions/hidradenitis-suppurativa/symptoms-causes/syc-20352306.
[20] Compassionate Release Mot. 2.
[21] *Id.* at 3. Mr. Miranda states that the Facility has a contract for only twenty-two male beds but that there are thirty-two males sleeping in the dorm. *Id.*
[22] *Id.* (discussing "being housed in a petri dish of bacteria and viruses").

static employment, not a "door to door" position.[23] In short, he contends his "employment prospects are severely limited."[24] Mr. Miranda further asserts he has missed many family events because they are held too far from the Facility.[25] As a result, he could not use his attendance at such events to show behavioral progress. In addition, he claims he cannot travel to Michigan to retrieve personal items. Last, Mr. Miranda contends the Facility will not let him do volunteer work for at-risk youth, homeless persons, or veterans. He "himself . . . decided [volunteering] was a crucial productive pastime for his overall success and rehabilitation."[26] For this reason, Mr. Miranda argues he should be able to help others and promote "the overall goals of society."[27]

Mr. Miranda understandably wishes to secure an early release. But he has not established extraordinary and compelling reasons that warrant sentence reduction. The inability to travel around the country and increase his earning potential is not an extraordinary reason for compassionate release.[28] Besides, Mr. Miranda admitted the Facility let him work as a welder. He chose to quit because of reported health reasons, not because the Facility forced him to resign. In the same vein, not being able to do volunteer work might be frustrating. But it is in no way a compelling or extraordinary circumstance that would support early release.

Absences from family gatherings are regrettable but also not extraordinary or compelling reasons. Missing family events may cause some hardship, but it is an ordinary feature of incarceration. Mr. Miranda also makes no claim that the Facility prevents family members from

---

[23] *Id.* at 3–4.
[24] *Id.* at 4.
[25] Compassionate Release Mot. 4.
[26] *Id.*
[27] *Id.*
[28] *Id.*

visiting *him*. Neither does he explain why he alone can retrieve his belongings from Michigan, or why not having these items merits compassionate release.

Some of Mr. Miranda's medical conditions could represent serious health risks. Likewise, close living quarters might lead to a heightened risk of infection. But Mr. Miranda offers no evidentiary support such as treatment records suggesting that he has an urgent medical need that warrants early release. Without specific evidence, bare claims of hospitalization, unexplained bouts with sickness, and a speculative risk of getting sick are not enough.[29]

Finding no extraordinary and compelling reason to justify sentence reduction, the court need not address the § 3553(a) factors.[30] The court finds compassionate release inappropriate.[31]

## ORDER

Accordingly, Petitioner's Motion for Sentence Reduction[32] is DENIED.

Signed June 30, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[29] *Id.* at 2–3.
[30] Mr. Miranda also argues that he is owed about twenty-four months of credit and the court should thus convert the remainder of Mr. Miranda's sentence into supervised release. Compassionate Release Mot. 3–4, 6–7. He describes the credit system as a "mythical calculation system" and contends the BOP does not know how to apply it. *Id.* at 5. Yet Mr. Miranda offers no support for his claim that he is eligible for credit. Even assuming his eligibility, he offers no evidence that the BOP has failed to apply such credit. In any event, Mr. Miranda's current release date apparently is August 30, 2023, according to Mr. Miranda and the Bureau of Prisons. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2023). However, the court notes that there is record evidence that Mr. Miranda may have lost some of his good time credit as the result of earlier misconduct, *see* ECF No. 43, at 5–6, and the court does not know if that reduced good time credit is reflected in the projected August 30, 2023 release date.
[31] Should Mr. Miranda obtain actual evidence of a present and severe medical condition supporting a finding of extraordinary and compelling circumstances, nothing prevents him from again seeking relief.
[32] ECF No. 67.

5